NO. 07-01-0379-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 19, 2001

_____

IN RE LASHONDA GARDNER,

Relator

_____

***ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS***
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

In this mandamus proceeding, relator LaShonda Gardner (Gardner) asks this court to compel the Hon. Don R. Emerson, Judge of the 320th District Court of Potter County, to dismiss a petition for termination filed by the real party in interest, the Texas Department of Protective and Regulatory Services (TDPRS). Dismissal is allegedly required because the civil proceeding commenced by the petition is nothing more than one which had previously been dismissed pursuant to §263.401 of the Texas Family Code. For the following reasons, we deny the request for a writ of mandamus.

***Background***

In October of 1999, the TDPRS filed a suit seeking to terminate the parent child relationship between Gardner and her four children. The trial court then appointed TDPRS temporary managing conservator. Pursuant to § 263.401 of the Texas Family Code, and

after receiving a 180 extension as allowed by that statute, the suit was scheduled to be dismissed on March 15, 2001 if no final judgment was entered before then.[1] A final judgment had not been entered by that date, and, the cause was dismissed on April 20, 2001, pursuant to a motion filed by Gardner and agreement by the TDPRS. Yet, later that same day, the TDPRS commenced a second suit to terminate Gardner's parental rights, alleging therein that it had new grounds substantiating termination.

Gardner moved to dismiss the second suit because she believed that it was nothing more than the first started anew. And, since the first was dismissed because of delay in its prosecution and as mandated by statute, the second also had to be dismissed. The trial court denied the motion. Thereafter, Gardner applied for relief through a writ of mandamus.

### Discussion

As mentioned above, Gardner's complaint is founded upon the belief that the first and second suits are one and the same. Being one and the same and because the first

---

[1]Section 263.401 of the Texas Family Code states:

(a)     Unless the court has rendered a final order or granted an extension under subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court *shall dismiss* the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b)     On or before the time described by Subsection (a) for the dismissal of the suit, the court may extend the court's jurisdiction of the suit for a period stated in the extension order, but not longer than 180 days after the time described by Subsection (a), if the court has continuing jurisdiction of the suit and the appointment of the department as temporary managing conservator is in the best interest of the child . . . .

(c)     If the court grants an extension, the court shall render a final order or dismiss the suit on or before the date specified in the extension order and may not grant an additional extension.

was dismissed, the second must be as well. Finally, in refusing to dismiss the proceeding, the trial court allegedly abused its discretion.

This court, in *In re T.M.*, 33 S.W.2d 341 (Tex. App.--Amarillo 2000, no pet.), held that dismissal of a proceeding under §263.401(a) and (c) of the Texas Family Code was not an adjudication on the merits. *Id.* at 347. Thus, the TDPRS could again file a petition seeking termination on the same *grounds* alleged in the dismissed suit. *Id.* However, the *facts* upon which termination was sought in the first suit could not be used to obtain termination in the second. *Id.*

Here, comparison of the petitions initiating the first and second suit evince that similar grounds are being urged as basis for termination. However, whether the grounds averred in the second are supported by new facts cannot be determined from a comparison of the two pleadings or perusal of the record before us. This is so because various of the grounds lack accompanying factual support.[2] Furthermore, Gardner acknowledged that the TDPRS purported to aver at least one new fact (*i.e.* sexual abuse) though she attempted to explain why it was inconsequential. Without evidence (such as that obtained through discovery or like means) depicting the facts underlying the grounds averred in the second suit and allowing us to compare the factual basis of both suits, we cannot say that the two suits involve the same facts.

In short, to adjudicate this controversy we would have to decide whether the facts underlying the grounds asserted in each petition are the same. Yet, what those facts are

---

[2]Gardner contends that the pleading is defective because facts are not averred in support of the grounds. Yet, she did not specially except to same. So any claim of defect is not before us.

3

is unclear.  This circumstance prevents us from granting mandamus.  *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990).

Accordingly, we deny the petition for writ of mandamus.


Brian Quinn
Justice

Do not publish.